IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONDRA L. SADONGEI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, acting )<br>Commissioner Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-16-407-SM |

## MEMORANDUM OPINION AND ORDER

Sondra L. Sadongei (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision that she was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Doc. 13. Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the court affirms the Commissioner's decision.

**I. Administrative determination.**

   **A. Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just h[er] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

B.  **Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

C.  **Relevant findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis and concluded Plaintiff had not met her burden of proof. AR 17-23; *see* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Wall v. Astrue*, 561

F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step analysis). Specifically, the ALJ found Plaintiff:

(1) was severely impaired, first, by obesity, second, by migraines, third by cervical disc disease, fourth by asthma, and fifth by hypertension;

(2) did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(3) had the residual functional capacity (RFC)[1] to perform light work and could occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs; can occasionally reach overhead and frequently engage in all other reaching; could not climb ladders, ropes, and scaffolds; must avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation; and is limited to unskilled work;

(4) could not perform any past relevant work;

(5) could perform jobs that exist in significant numbers in the national economy, such as electronics worker, small product assembler II, and machine tender; and so,

(6) had not been under a disability, as defined in the Social Security Act, from February 1, 2009 through the November 18, 2014, the date of the ALJ's decision.

AR 18-24.

### 2. Appeals Council action.

The Social Security Administration's (SSA) Appeals Council found no reason to review that decision, so the ALJ's decision is the Commissioner's

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

final decision in this case. AR 1-6; s*ee Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standards.

A court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

### B. Plaintiff's claim of error.

Plaintiff argues "[n]othing in the ALJ's decision indicates he gave any consideration to [Plaintiff's] anxiety" and notes the ALJ is required to consider all the relevant medical and non-medical evidence of record when assessing RFC. Doc. 17, at 9-11. In response, the Commissioner maintains

4

the ALJ found Plaintiff's mental impairment to be nonsevere and considered it in the RFC assessment. Doc. 21, at 7-11.

C. Analysis.

1. **The ALJ's step-two analysis.**

As the Commissioner points out, Plaintiff testified at the hearing her "depression and bipolar disorder" July 3, 2014 diagnosis stemmed from "anxiety attacks." *Id.* at 41-42. In his opinion, the ALJ discussed Plaintiff's bipolar disorder, without specifically mentioning anxiety. *Id.* at 18. The ALJ then applied the Commissioner's psychiatric review technique and stated "[b]ecause the claimant's medically determinable mental impairment causes no more than 'mild' limitation in any of the first three functional areas and 'no' episodes of decompensation of extended duration in the fourth area, it is nonsevere." *Id.* at 19.[2]

To the extent Plaintiff alleges the ALJ *ignored* her anxiety diagnosis, the court finds no reversible error. That is, it is clear the ALJ considered Plaintiff's anxiety as an aspect of her mental impairment (bipolar disorder)—*as she presented it*—and his failure to specifically mention "anxiety" is

---

[2] Though not clearly argued, the undersigned agrees with the Commissioner that any step-two error is harmless here. *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (stating "the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe").

5

harmless error. *See also Osborn v. Colvin*, No. 14-cv-00966-LTB, 2015 WL 9186177, at *5 (D. Colo. Dec. 17, 2015) (unpublished order) (holding the ALJ's failure to discuss plaintiff's "anxiety or personality disorder" as a separate mental impairment from that of plaintiff's "severe mental impairments of bipolar disorder and cannabis dependence" was harmless error where the ALJ considered whether plaintiff's mental impairments as a whole satisfied the listings); *see also Bales v. Colvin*, 576 F. App'x 792, 799 (10th Cir. 2014) ("[T]here is no indication that, despite not expressly mentioning [Plaintiff's] other medical problems, the ALJ did not take them into account.").

### 2. The ALJ's step-four analysis.

Because the ALJ found Plaintiff's mental impairment to be medically determinable, but not severe, he was required to consider it in his RFC assessment. He did, and the court finds no error in the assessment.

First, the ALJ considered "all of [plaintiff's] impairments individually and in combination" and gave "careful consideration [to] the entire record" in making the RFC assessment. AR 19, 20. "Where, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word." *Wall*, 561 F.3d at 1070 (alteration and internal quotation marks omitted). So, the court declines to find the ALJ ignored Plaintiff's anxiety in making his RFC assessment.

6

Further, the ALJ specifically noted that "the mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment . . . ." *Id.* at 19; *cf. Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013) (The ALJ may not "rely on his step-two findings to conclude that [plaintiff] had no limitation based on her mental impairments."). He then considered the appropriate findings in making the RFC assessment. AR 19; *see also Madrid v. Astrue*, 243 F. App'x 387, 392 (10th Cir. 2007) (noting that the "diagnosis of a condition does not establish disability," as the question is whether an "impairment significantly limits" the ability to work). Clearly, while the discussion was brief, the ALJ considered Plaintiff's mental impairments in making an RFC determination and did not rely on the step-two assessment in place of an RFC analysis. *See Suttles v. Colvin*, 543 F. App'x 824, 826 (10th Cir. 2013) (determining proper RFC assessment where ALJ discussed evidence relating to plaintiff's nonsevere mental impairment and, "[s]ignificantly, the ALJ did not make any ancillary statement, like that made by the ALJ in *Wells*, affirmatively suggesting an improper conflation of the step-two and step-four assessments"); *cf. Alvey v. Colvin*, 536 F. App'x 792, 794 (10th Cir. 2013) (finding that ALJ failed to adequately consider plaintiff's nonsevere mental impairments at step four when ALJ apparently conflated the step-two and

7

step-four findings and "did not engage in any analysis" of mental functions or impairments but holding the error harmless "[b]ecause the evidence in this case does not support assessing any functional limitations from mental impairments").

Second, "[t]he RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairments or combination of impairments . . . ." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1986). "The mere presence of a condition is not necessarily disabling. Rather, a condition, alone or in combination with other impairments, must render claimant unable to engage in any substantial gainful employment." *Walters v. Colvin*, 604 F. App'x 643, 648 (10th Cir. 2015) (alterations and internal quotation marks omitted). The record reveals Plaintiff's anxiety does not render her unable to engage in substantial gainful employment.

For example, Plaintiff fails to explain specifically what additional limitations were needed based on her anxiety or any other mental impairment. She did not mention anxiety attacks at all in the paperwork she submitted to the agency. *See e.g.*, AR 157, 162, 170, 173, 391, 406-11, 415, 423-30, 433, 444-51; *cf. id.* at 86-115. No doubt she received numerous refills of prescriptions of medication to treat anxiety on a fairly regular basis since

8

2010 through the May 2014 visit where Plaintiff "admit[ted] depression since death of son 1 ½ years ago." *Id.* at 550, 634, 654, 656, 665-66, 667, 671, 674, 687, 710, 714-15, 719, 728, 734, 739, 765, 775, 785-86, 791, 767-97, 807, 809, 836. However, in no other instance predating May 2014 were anxiety symptoms a chief or lesser complaint. Further, those same medical records indicate Plaintiff was mentally alert and in no apparent distress, and mood and affect were consistently normal. *Id.* at 549, 552, 636, 651, 654, 654, 658, 665, 673, 686, 703, 718, 727, 738, 774, 794, 802, 835. Also, depression screenings on July 18, 2012, October 15, 2012, October 30, 2102, February 28, 2103, June 21, 2013, and February 12, 2014, were "normal/negative." *Id.* at 669, 682, 692, 698, 708, 778, 830. Depression screenings dated August 27, 2013 and July 23, 2014 were "positive." *Id.* at 723, 819. The October 24, 2014 depression screening was again "normal/negative." *Id.* at 830.

On July 3, 2014, Plaintiff's chief complaints were "depression," "mood instability," "feeling hyper," and "anxiety." *Id.* at 809, 810. She received a diagnosis of bipolar affective disorder. *Id.* at 811. She reported she had not been taking her prescribed diazepam, Paxil, or hydroxyzine and her treating physician suggested discontinuing these medications. *Id.* at 812. Though there are sporadic reports of mental health related complaints, this instance appears to be the only mental health treatment record. *Id.* at 763-64, 783-94,

9

804, 806, 809, 819, 859-60. The ALJ noted Plaintiff's July 2014 diagnosis and stated "she has received little treatment for this condition." *Id.* at 18.

In sum, the ALJ considered plaintiff's nonsevere mental impairment—which included her anxiety—at step four and concluded plaintiff had no functional limitations resulting from it. *Id.* at 20. The ALJ was not required to impose any limitations in the RFC unless the record bore out those limitations. Plaintiff cites no evidence indicating her anxiety causes any functional limitations, and based upon the medical evidence in the record, the court can find none. Accordingly, her argument that she cannot do unskilled work fails for these reasons as well. SSR 96-8p, 1996 WL 374184, at *1 (when there is no allegation of a specific functional limitation, and no information in the record regarding any such limitation, "the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity"); *see Miller v. Astrue*, 496 F. App'x 853, 859-60 (10th Cir. 2012) (affirming notwithstanding ALJ's failure to discuss severe mental impairment as part of his RFC determination, where "claimant was not markedly impaired in any functional areas" for purposes of Paragraph B criteria, and claimant failed to provide any additional record evidence of mental functional limitations resulting from personality disorder (emphasis omitted)); *Grede v. Astrue*, 443 F. App'x 323, 325-26 (10th Cir. 2011)

(affirming where the ALJ found mental impairment non-severe, made no further findings concerning a mental impairment at step four, but stated he had considered all of claimant's symptoms and the medical evidence); *Barrett v. Astrue*, 340 F. App'x 481, 485 (10th Cir. 2009) (finding no reversible error where ALJ concluded mental impairments were non-severe and therefore included no mental limitation in RFC, but also "indicated that he had . . . considered the entire record and all of [the] claimant's symptoms to the extent . . . they were reasonably consistent with the evidence, including the objective medical evidence"); *see also McAnally v. Astrue*, 241 F. App'x 515, 518 (10th Cir. 2007) (when Plaintiff did not "identify any additional" limitations that should have been included or discuss any evidence that would support the inclusion of additional limitations, the RFC stands).

## III. Conclusion.

The court AFFIRMS the Commissioner's decision.

ENTERED this 6th day of January, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE